STATE OF NORTH CAROLINA v. IZIAH BARDEN

No. 96A01-2

(Filed 11 April 2008)

1. **Discovery— motions made in direct appeal—statutory basis in motion for appropriate relief**

Motions for discovery and the production of documents concerning material about the State's jury selection were properly denied where the motions were filed pursuant to N.C.G.S. § 15A-1415(f). That statute by its plain language applied to proceedings surrounding a postconviction motion for appropriate relief, while these issues arose in the context of defendant's direct appeal.

**2. Jury— selection—*Batson* hearing—new U.S. Supreme Court cases**

> In light of U.S. Supreme Court cases not available at the time of jury selection, a first-degree murder prosecution was remanded for another *Batson* hearing to consider the responses of two prospective jurors and give the State the opportunity to offer race-neutral reasons for striking one while seating the other.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from an order entered by Judge Steve A. Balog on 10 April 2003 in Superior Court, Sampson County, requiring that commitment issue in accordance with the judgment imposing a sentence of death entered by Judge Balog on 12 November 1999 in Superior Court, Sampson County, following a hearing on remand ordered by this Court pursuant to *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69 (1986). Heard in the Supreme Court 14 February 2008.

> *Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State.*

> *Ann B. Petersen for defendant-appellant.*

HUDSON, Justice.

This matter is before the Court for the second time regarding alleged racial discrimination in jury selection. On 8 November 1999, a jury convicted defendant of first-degree murder in the Superior Court in Sampson County and on 12 November 1999, defendant was sentenced to death. Following defendant's first appeal under N.C.G.S. § 7A-27(a), this Court remanded the case to the trial court for the limited purpose of holding a hearing pursuant to *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69 (1986), but found no error otherwise in defendant's trial or sentencing. *State v. Barden*, 356 N.C. 316, 572 S.E.2d 108 (2002), *cert. denied*, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003) [hereinafter *Barden I*].

In *Barden I*, defendant challenged the State's use of peremptory challenges to remove two prospective African-American jurors, Lemuel Baggett and Brenda Corbett. This Court noted that the first prong of the *Batson* test was at issue: Whether defendant made a prima facie showing that the challenges were based on race. We held that the trial court erred in concluding that defendant failed to present a prima facie showing under *Batson* and ordered that on remand, the trial court "give the State an opportunity for presenting

race-neutral reasons for striking prospective jurors Baggett and Corbett." *Id.* at 345, 572 S.E.2d at 128.

In anticipation of the *Batson* hearing, on 21 March 2003, defendant filed various motions aimed at obtaining information about materials used by the prosecution before and at trial to guide the State's jury selection process. These filings included motions for discovery and production of documents. The trial court denied the motions.

Defendant's *Batson* hearing was held during the 28 March 2003 special criminal session of the Superior Court in Sampson County. On 10 April 2003, Judge Balog entered an order denying defendant's *Batson* claims. Defendant again appealed to this Court, asserting error in the trial court's denial of his 21 March 2003 discovery motions and the trial court's denial of his *Batson* claims.

[1] Defendant assigns as error the denial of his "Motion for Discovery" and "Motion for Production of Documents," seeking to obtain notes, manuals, policies and other documents which could shed light on the State's preparation for and conduct of jury selection. Both motions were filed pursuant to N.C.G.S. § 15A-1415(f). Section 15A-1415 by its plain language applies to proceedings surrounding a "postconviction motion for appropriate relief." Because these discovery issues arise in the context of defendant's direct appeal rather than a post-conviction motion for appropriate relief, the trial court properly denied defendant's motions for discovery.

[2] However, we again remand this case to the Superior Court in Sampson County for the limited purpose of conducting an additional *Batson* hearing. On remand, a judge presiding over a criminal session shall consider the voir dire responses of prospective juror Baggett and those of Teresa Birch, a white woman seated on defendant's jury, in light of *Snyder v. Louisiana,* 552 U.S. ——, 128 S. Ct. 1203, —— L. Ed. 2d —— (2008), *Rice v. Collins,* 546 U.S. 333, 163 L. Ed. 2d 824 (2006), and *Miller-El v. Dretke,* 545 U.S. 231, 162 L. Ed. 2d 196 (2005), cases decided after defendant's prior *Batson* hearing. The State shall have an opportunity to offer race-neutral reasons for striking juror Baggett while seating juror Birch. The court should determine whether these explanations are race-neutral under the framework set forth in these United States Supreme Court decisions, which were not available to it at the time of the 2003 hearing. If the court upholds the strikes after this new hearing under *Batson* in light of *Snyder, Rice,* and *Miller-El,* the defendant's sen-

tence will stand. If not, he is entitled to a new trial. The trial court's order is subject to appellate review.

Accordingly, we remand to the Superior Court in Sampson County for another hearing on the *Batson* issue in light of *Snyder*, *Rice*, and *Miller-El*, with regard to prospective jurors Lemuel Baggett and Teresa Birch. The trial court is directed to hold this hearing, make findings of fact and conclusions of law, and certify its opinion to this Court within 120 days of the filing date of this opinion.

REMANDED.