IN THE SUPREME COURT OF NORTH CAROLINA

No. 96A01-3

Filed 22 May 2026

STATE OF NORTH CAROLINA

v.

IZIAH BARDEN

Appeal as of right pursuant to N.C.G.S. § 7A-27(a)(1) from a judgment imposing a sentence of death entered on 12 November 1999 by Judge Steve A. Balog in Superior Court, Sampson County, upon a jury verdict finding defendant guilty of first-degree murder, following a hearing on remand ordered by this Court pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986). Appellate proceedings were stayed on 7 September 2010. On 12 May 2025, defendant moved to dissolve the stay and transfer the case to the Court of Appeals. On 16 May 2025, this Court dissolved the stay and requested supplemental briefing regarding defendant's transfer request. This matter was calendared for argument in the Supreme Court on 30 October 2025 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Jeff Jackson, Attorney General, by Nicholaos G. Vlahos, Special Deputy Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Janine C. Fodor, Attorney at the Center for Death Penalty Litigation, for defendant-appellant.*

PER CURIAM.

In 1999, a jury convicted defendant of robbery with a dangerous weapon and first-degree murder under the felony murder rule. Upon the jury's recommendation, the Superior Court, Sampson County, sentenced defendant to death and arrested judgment on defendant's robbery with a dangerous weapon conviction. In defendant's initial appeal, this Court remanded for a hearing under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986), but otherwise held that there was no error. *State v. Barden* (*Barden I*), 356 N.C. 316, 389, 572 S.E.2d 108, 153 (2002).

In defendant's second appeal after the *Batson* hearing, this Court remanded for a second *Batson* hearing in light of several cases decided by the Supreme Court of the United States in the interim. *State v. Barden* (*Barden II*), 362 N.C. 277, 279–80, 658 S.E.2d 654, 655–56 (2008) (first citing *Snyder v. Louisiana*, 552 U.S. 472, 128 S. Ct. 1203 (2008); then citing *Rice v. Collins*, 546 U.S. 333, 126 S. Ct. 969 (2006); and then citing *Miller-El v. Dretke*, 545 U.S. 231, 125 S. Ct. 2317 (2005)). On 4 June 2008, the trial court conducted a second *Batson* hearing, and on 9 July 2008, it denied defendant's *Batson* challenge. Defendant filed a notice of appeal on 17 July 2008.

Defendant docketed the record on appeal on 18 May 2010 and filed his opening brief on 20 July 2010. On 10 August 2010, defendant filed motions for appropriate relief under the Racial Justice Act (RJA), N.C.G.S. §§ 15A-2010 to -2012 (2009) (repealed 2013), in both this Court and Superior Court, Sampson County. That same day, defendant filed two other motions: (1) a "Motion to Dismiss Appellant's Motion

Filed in this Court Under the North Carolina Racial Justice Act Without Prejudice to File a Motion Under the Racial Justice Act in Post-Conviction Proceedings if Appellant is Not Be [sic] Granted Relief on Direct Appeal," and (2) an alternative "Motion to Remand to the Superior Court of Sampson County for an Evidentiary Hearing and Other Proceedings."[1] On 7 September 2010, this Court (1) dismissed defendant's motion for appropriate relief without prejudice, (2) dismissed his other motions, and (3) stayed further appellate proceedings "until after the trial court's hearing and determination of defendant's Motion for Appropriate Relief Pursuant to the Racial Justice Act filed in Superior Court, Sampson County."

On 31 December 2024, the Governor commuted defendant's death sentence to life imprisonment without the possibility of parole. On 1 May 2025, the trial court granted defendant's motion to withdraw his motion for appropriate relief under the RJA. On 12 May 2025, defendant moved to dissolve this Court's stay and transfer the case to the Court of Appeals.

On 16 May 2025, this Court lifted the stay and issued a special order requesting briefing on the following question: "When the Governor commutes a defendant's death sentence to life imprisonment but no court has vacated, altered, or amended the judgment that includes a sentence of death, does initial appellate jurisdiction now rest with the Court of Appeals under N.C.G.S. § 7A-27?"

---

[1] Defendant filed these motions because "[t]he RJA d[id] not address the issue of what court, if any, ha[d] jurisdiction for filing of a motion under the RJA when a defendant-appellant's case is on direct appeal to th[e Supreme] Court."

The question has been fully briefed. For the reasons explained in *State v. Robinson*, No. 142A12 (N.C. May 22, 2026), defendant's appeal is remanded to the Court of Appeals.

REMANDED.

Justice BERGER dissenting.

For the reasons stated in my separate opinion in *State v. Robinson*, No. 142A12 (N.C. May 22, 2026), I dissent from the majority's decision in this matter.